IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**TRAVIS McKINNEY,**

    **Plaintiff,**

**vs.**                                                    **Case No. 4:11cv613-WS/WCS**

**WAKULLA COUNTY SHERIFF
DEPARTMENT, et al.,**

    **Defendants.**

    _____/

## REPORT AND RECOMMENDATION

Plaintiff, a *pro se* inmate, initiated this § 1983 civil rights case in December, 2011, against seven Defendants. Doc. 1. Plaintiff was granted leave to proceed *in forma pauperis*, doc. 6, and he has now paid the initial partial filing fee. Doc. 7. This case has been reviewed as is required by 28 U.S.C. § 1915A.

Plaintiff has named Wakulla County, the Wakulla County Sheriff's Department, Judge Sanders Sauls, two deputy sheriffs (Powell and Rojas), and two John Doe bailiffs as Defendants. Doc. 1. Plaintiff contends that on October 15, 2008, during a violation of probation hearing, Plaintiff was forcibly gagged with duct tamp and a used

handkerchief was placed into his mouth.  *Id.*, at 8.  That conduct was ordered by Judge Sauls and carried out by Deputies Powell, Rojas, and the John Doe bailiffs.  *Id.*, at 8-9.

Plaintiff already litigated these events, without success, in case number 4:09cv444-RH/WCS.  Plaintiff mentions the case number, but fails to inform the court as to how that case ended.  Doc. 1, p. 5.

In the prior case, Plaintiff named as a defendant Deputy Sheriff Jason Newlin, Judge Sanders Sauls, Wakulla County Sheriff David Harvey, as well as Deputies Powell and Rojas.  Doc 1, case 4:09cv444.  Plaintiff then filed an amended complaint which dismissed all but Defendants Harvey, Sauls, and Newlin.  Doc. 8, case 4:09cv444.  Plaintiff named Deputy Newlin erroneously due to mistaken identity, and Plaintiff voluntarily dismissed his claim against that Defendant.  Doc. 57 of case 4:09cv444.  He did not seek to reinstate claims against anyone else.

Defendant Sauls was dismissed from the case (docs. 16, 18) because he is protected by the doctrine of absolute judicial immunity.  That dismissal was "with prejudice" and Plaintiff may not once again attempt to sue Judge Sanders Sauls for directing that Plaintiff be gagged because of Plaintiff's disruptive behavior.  Plaintiff's effort to bring another case against Judge Sauls is malicious and attempts to seek "monetary relief against a defendant who is immune from such relief" and must be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i), (iii).

Judgment "with prejudice" was also entered in favor of Sheriff Harvey because Plaintiff had not shown that the use of force was unconstitutional.  Doc. 62, case 4:09cv444.  Plaintiff may not revive those claims either, and doing so again is malicious.

Plaintiff may also not seek to name the Wakulla County Sheriff's Department or Wakulla County as a Defendant. A case against the Sheriff's Department is in reality a case against the Sheriff who is the head of that department because a sheriff's office lacks the capacity to be sued. Sheriff's departments are not usually considered legal entities subject to suit. Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992).

That leaves for consideration Plaintiff's claims against Wakulla County, the John Doe bailiffs, and the two deputies Plaintiff voluntarily dismissed from the original case when he filed the amended complaint, Defendants Powell and Rojas. These claims are barred by *res judicata*.

*Res judicata* forecloses relitigation of matters actually or potentially litigated in an earlier lawsuit. Richardson v. Alabama State Bd of Educ., 935 F.2d 1240 (11th Cir. 1991). For *res judicata* to operate as a bar to a subsequent suit "(1) there must be a final judgment on the merits, (2) the decision must be rendered by a court of competent jurisdiction, (3) the parties, or those in privity with them, must be identical in both suits; and (4) the same cause of action must be involved in both cases." I. A. Durbin, Inc. v. Jefferson National Bank, 793 F.2d 1541, 1549 (11th Cir. 1986).

All of those elements are present here. The claims in the cases all "arise out of the same transaction or series of transactions." In re Justice Oaks II, Ltd., 898 F.2d 1544, 1551 (11th Cir. 1990). The claims are the same and the court is the same. Although the claims against Defendants Powell and Rojas in case number 4:09cv444 were "dismissed without prejudice," doc. 62, in entering judgment for Defendant Harvey, Judge Hinkle expressly found that the force used to gag Plaintiff was not

unconstitutional.  Doc. 62, p. 3, case 4:09cv444.  That is the end of the matter.[1]
Plaintiff could, and should, have litigated all claims which arise "out of the same nucleus of operative fact," in that prior case, but did not.  The complaint against the remaining Defendants should be dismissed because the claims are barred by *res judicata*.

Under Rule 41(d), when "a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of costs of the action previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order."  FED. R. CIV. P. 41(d).  Defendants have not yet incurred additional costs, however.  Plaintiff remains liable for the filing fees (a total of $700.00) in both cases.  I do not recommend further costs be assessed.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** under 28 U.S.C. § 1915(e)(2)(i) and (iii) because the action is malicious and seeks monetary relief against a defendant who is immune from such relief and judgment was previously entered in his favor, because the case is barred by the doctrine of *res judicata*, and the order adopting this report and

---

[1] The undisputed evidence in the prior case was fully explained in the third report and recommendation, doc. 59, of case 4:09cv444.  The undisputed facts revealed that Plaintiff was gagged because of his disruptive behavior, and Plaintiff himself took the tape off his mouth and continued his efforts to disrupt the hearing.

recommendation should direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**IN CHAMBERS** at Tallahassee, Florida, on February 21, 2012.

   S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**